UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-21133-FAM

REINALDO SEGUNDO LEON
and other similarly-situated individuals,

    Plaintiff,
v.

TAPAS & TINTOS, INC.
and NICOLAS D. JUSTO, individually
    Defendants,
_____/

**SECOND AMENDED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff REINALDO SEGUNDO LEON and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants TAPAS & TINTOS, INC., and NICOLAS D. JUSTO and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),  and pursuant to 26 U.S.C. §7434  et seq. This Court has also supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff REINALDO SEGUNDO LEON (hereinafter REINALDO LEON) is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant TAPAS & TINTOS, INC. (hereinafter TAPAS & TINTOS) is a Florida

corporation, having place of business in Miami-Dade County, where Plaintiff worked for Defendant. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant NICOLAS D. JUSTO was and is now, the director and/or owner of Defendant Corporation TAPAS & TINTOS.

## GENERAL ALLEGATIONS

5. Defendant TAPAS & TINTOS is a restaurant and bar specializing in traditional Spanish tapas, located at 448 Española Way, Miami Beach Florida.

6. Corporate Defendant TAPAS & TINTOS and the individual Defendant NICOLAS D. JUSTO employed Plaintiff REINALDO LEON as a general restaurant employee from approximately March 26, 2006 through November 21, 2011. Plaintiff's duties included food preparation, cooking, dishwashing, cleaning, janitorial work etc. etc.

7. At all times herein, Plaintiff was a non-exempt hourly employee, covered for purposes of the Act. During the relevant employment period, Plaintiff was paid an average of $12.93 an hour.

8. During his time of employment with Defendants, Plaintiff REINALDO LEON was wrongfully classified as an "Independent Contractor". However, Plaintiff was an employee of Defendants under the FLSA, the Department of Labor, and IRS regulations.

9. At all times Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff worked for Defendants consistently 58 hours weekly for a period of more than 156 weeks, Plaintiff depended exclusively of his employment with Defendants and he did not have any other job; 2) Defendants had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his

duties and tasks; 3) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 4) The work performed by Plaintiff was an integral part of the Defendants' business;  5) Plaintiff performed his work entirely at the Defendants' facilities and used Defendants' equipment and supplies.

10. By reason of the foregoing, Plaintiff REINALDO LEON was an employee of TAPAS & TINTOS, and NICOLAS D. JUSTO within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

11. During his employment with Defendants Plaintiff worked and average of 58 hours weekly, however Plaintiff was not paid for every overtime hour.  Plaintiff was paid for a few overtime hours, but at his regular rate.

12. Therefore, during the relevant period of time Plaintiff was not paid at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions. Plaintiff was paid for all hours but at his regular rate

13. Plaintiff clocked in and out, but this time keeping method was not reliable.  Plaintiff was paid with checks and paystubs that omitted any accounting for hours worked and just reflected his independent contractor classification.  Plaintiff requested his manager to be paid as an employee, but Defendants refused to do so.

14. On or about November 05, 2011, Plaintiff had a work related accident. Plaintiff had to take a leave to treat his injury.  Defendants did not provided any assistance, and when Plaintiff returned to work, still with an open wound, on or about November 21, 2011, he was fired.

15. Plaintiff REINALDO LEON seeks to recover for unpaid overtime wages accumulated during his relevant period of employment as well as any other damage allowable by law.

16. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty, and/or were misclassified as "Independent Contractors".

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME;  AGAINST TAPAS & TINTOS**

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Defendant TAPAS & TINTOS is/was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a restaurant/bar that has more than two employees recurrently engaged in commerce or in the production of goods for commerce by using the instrumentalities of interstate commerce to order

food products, equipment and supplies produced or originated out of state. Defendant had also more than two employees that during the operation of the restaurant, regularly and recurrently sold, handled, and worked on goods and materials that were moved previously through interstate commerce, and regularly initiated credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is enterprise coverage.

20. Plaintiff was employed by an enterprise engage in interstate commerce and through his daily activities, Plaintiffs regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

21. By reason of the foregoing, the Employer/Defendant TAPAS & TINTOS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and is subjected to the regulation of the Fair Labor Standards Act.

22. Defendant TAPAS & TINTOS employed Plaintiff REINALDO LEON from approximately March 26, 2006 through November 21, 2011. Plaintiff was a non-exempt hourly employee and his regular rate of payment was $12.93 per hour. Within his employment period, Plaintiff was misclassified as an independent contractor. Plaintiff was employed as a general restaurant worker employee performing the same or similar duties as that of those other similarly-situated workers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

23. During his employment with Defendant Plaintiff worked and average of 58 hours weekly, however Plaintiff was paid for some overtime hours, but a his regular rate.

24. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

25. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

26. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *This calculations have been made without the benefit of Discovery, and adjusted to the FLSA statute of limitations, or 31 weeks.

    a. <u>Total amount of alleged unpaid wages</u>:

       Ten Thousand Eight Hundred Twenty Five Dollars and 20/100 ($10,825.20)

    b. <u>Calculation of such wages</u>:

       Relevant period of employment: 31 weeks
       Total number of hours weekly: 58 hours weekly
       Total number of overtime hours: 18 O/T hours
       Regular rate: $12.93 x 1.5 = $19.40 O/T rate

       $19.40 O/T rate x 18 hrs. = $349.20 weekly x 31 weeks = $10,825.20

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid overtime.

27. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those

similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

28. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

29. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

30. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

31. Defendant TAPAS & TINTOS, willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

32. Plaintiff seeks to recover for unpaid overtime wages accumulated throughout his period of employment with Defendant, as allowable by law.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff REINALDO LEON and other similarly-situated and against the Defendant TAPAS & TINTOS, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST NICOLAS D. JUSTO

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

35. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Defendant NICOLAS D. JUSTO is/was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is the owner and operates a restaurant/bar that has more than two employees recurrently engaged in commerce or in the production of goods for commerce by using the instrumentalities of interstate commerce to order food products, equipment and supplies produced or originated out of state.  Defendant had also more than two employees that during the operation of the restaurant, regularly and recurrently sold, handled, and worked on goods and materials that were moved previously through interstate commerce, and regularly initiated credit card transactions.  Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore there is enterprise coverage.

37. Plaintiff was employed by an enterprise engage in interstate commerce and through his daily activities, Plaintiffs regularly handled and worked on goods and materials that were

moved across State lines at any time in the course of business. Therefore, there is individual coverage.

38. By reason of the foregoing, the Employer/Defendant NICOLAS D. JUSTO is and was, during all times hereafter mentioned, an individual engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and is subjected to the regulation of the Fair Labor Standards Act.

39. Defendant NICOLAS D. JUSTO employed Plaintiff REINALDO LEON from approximately March 26, 2006 through November 21, 2011. Plaintiff was a non-exempt hourly employee and his regular rate of payment was $12.93 per hour. Within his employment period, Plaintiff was misclassified as an independent contractor. Plaintiff was employed as a general restaurant worker employee performing the same or similar duties as that of those other similarly-situated workers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

40. During his employment with Defendant Plaintiff worked and average of 58 hours weekly, however Plaintiff was paid for some overtime hours, but a his regular rate.

41. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

42. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

43. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *This calculations have been made without the benefit of Discovery, and adjusted to the FLSA statute of limitations, or 31 weeks.

    a. <u>Total amount of alleged unpaid wages</u>:

       Ten Thousand Eight Hundred Twenty Five Dollars and 20/100 ($10,825.20)

    b. <u>Calculation of such wages</u>:

       Relevant period of employment: 31 weeks
       Total number of hours weekly:  58 hours weekly
       Total number of overtime hours:   18 O/T hours
       Regular rate:  $12.93 x 1.5 =  $19.40  O/T rate

       $19.40 O/T rate x 18 hrs. = $349.20 weekly x 31 weeks = $10,825.20

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid overtime.

44. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one

half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

46. Defendant NICOLAS D. JUSTO knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

48. Defendant NICOLAS D. JUSTO willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

49. Plaintiff seeks to recover for unpaid overtime wages accumulated throughout his period of employment with Defendant, as allowable by law.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff REINALDO LEON and other similarly-situated and

against the Defendant NICOLAS D. JUSTO, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III: RETALIATORY DISCHARGE AGAINST TAPAS & TINTOS PURSUANT TO F.S. 440.205

51. Plaintiff REINALDO LEON re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

52. At all times relevant, Plaintiff REINALDO LEON was employed by the Defendant TAPAS & TINTOS as a restaurant employee within the meaning of Fla. Stat. 440.02 (15)(a).

53. Plaintiff REINALDO LEON was entitled to the benefits provided by The Florida Workers' Compensation law, Fla. Stat. 440, *et seq.* which requires that all employers with four or more employees, must pay compensation or furnish benefits required by this chapter if the employee suffers an accidental compensable injury or death arising out of work performed in the course and the scope of employment.

54. On or about November 05, 2011, the Plaintiff suffered a work-related injury.

55. While Plaintiff was opening a tomato can, he cut his right thumb.

56. Pursuant to Fla. Stat. 440.185 Plaintiff advised his employer, Defendant TAPAS & TINTOS about his accident, and Defendant was aware of the injuries suffered by Plaintiff the same day, on November 05, 2011.

57. Plaintiff immediately requested medical treatment for his injury to his manager and then to the owner of the business.

58. However, the owner of the business denied Plaintiff his protected rights under The Florida Workers' Compensation law, and sent Plaintiff home to treat his injury by himself.

59. During the following days, Plaintiff repeatedly requested Defendant benefits under the Workers Compensation program, but Defendant denied his requests.

60. Plaintiff was not able to work for about two weeks.  However, he was not offered his average wages, as provided by Fla Stat. 440.14 (1)

61. When Plaintiff notified Defendant of his accident, he was asserting a valid claim for workers' compensation claim.  Nevertheless, Defendant TAPAS & TINTOS willingly refused to provide Plaintiff his protected rights under Florida Workers' Compensation Law.

62. The above-alleged injuries did require medical treatment. However, due to the conduct of Defendant, Plaintiff did not get the all the necessary medical treatment.

63. On or about November 20, 2011 when Plaintiff returned to work, Plaintiff requested Defendant to pay for some outstanding medical bills and other benefits, but one more time Defendant refused to do so.

64. On or about November 20, 2011, Plaintiff engaged in protected activity by demanding to be paid benefits under The Florida Workers' Compensation law.

65. The next day, Plaintiff's injured thumb began to bleed, Plaintiff requested a short break to treat the bleeding, but Defendant refused to give Plaintiff the necessary break, and instead Defendant fired Plaintiff immediately.

66. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

67. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

68. The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 which states: *"Coercion of employees. —No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law"*, and, as a direct result, the Plaintiff has been damaged.

69. By reason of Defendant's discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, and has suffered emotional distress.

70. Plaintiff filed a Petition for Workers' Compensation Benefits on or July 13, 2013. **See Exhibit "A".**

71. The Defendant's conduct in discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights, so therefore Plaintiff is entitled to punitive damages.

72. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff REINALDO LEON respectfully requests judgment against the Defendant for all back wages from the date of his discharge to the present date and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; punitive damages; attorney's fees, and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff REINALDO LEON demands trial by jury of all issues triable as of right by jury.

## COUNT IV:
## VIOLATION OF 26 U.S.C. SECTION 7434
## AGAINST TAPAS & TINTOS

73. Plaintiff REINALDO LEON re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

74. This count is brought by Plaintiff pursuant to 26 U.S.C. §7434 on behalf of himself and other similarly situated employees of Defendant TAPAS & TINTOS.

75. Defendant TAPAS & TINTOS, employed Plaintiff REINALDO LEON as a restaurant worker from approximately March 26, 2006 through November 21, 2011.

76. Plaintiff was an hourly employee covered by the Fair Labor Standards Act and entitled to the payment of overtime hours, and all the protection of the FLSA.

77. During Plaintiff's time of employment, Defendant issued or caused to be issued and participated in the issuance of false information returns to Plaintiff, which Defendants knew to be false when they issue the returns. **See composite Exhibit "B".**

78. IRS form 1099 constitutes an "information return" within the meaning of 26 U.S.C.§§7434 (a), (f) and 6724 (d) (1)(A)(i).

79. The 1099 tax forms Defendant issued to Plaintiff were false, because Plaintiff was an hourly employee, he was not an independent contractor.

80. On several occasions Plaintiff discussed with the owner of business about his condition of full time employee working an average of 58 hours weekly. Even when Plaintiff requested to be properly classified as an employee and to be issued W-2 Forms, Defendant failed and refused to correct his returns.

81. Plaintiff and other similarly situated employees, have sustained damages as a result of the Defendant's wrongful conduct.

82. Upon filing of this Complaint, Plaintiff will provide a copy of it to IRS, as required by 26 U.S.C.§7434(d).

83. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

84. As the issuer of the fraudulent information returns, i.e. the 1099 tax forms Defendant TAPAS & TINTOS is strictly liable to Plaintiff and each of the similarly situated individuals "in an amount equal to the greater of $5,000.00 or the sum of; (1) any actual damages sustained by the Plaintiff as a proximate result of the fraudulent information returns;(2) the cost of the action (3) in the court discretion, reasonable attorneys' fees.

## JURY DEMAND

Plaintiff REINALDO LEON demands trial by jury of all issues triable as of right by jury.

Dated:  This October 29, 2014

                                                  Respectfully submitted,

                                                  By:  /s/ Zandro E. Palma  
                                                  ZANDRO E. PALMA, P.A  
                                                  Florida Bar No.: 0024031  
                                                  3100 South Dixie Highway  
                                                  Suite 202  
                                                  Miami, FL 33133  
                                                  Telephone: (305) 446-1500  
                                                  Facsimile: (305) 446-1502  
                                                  zep@thepalmalawgroup.com  
                                                  *Attorney for Plaintiff*